It is necessary for a plaintiff to state in his declaration, not only that he has sustained a damage, but also how he has been injured; for it is an inference of law and not of fact, that the acts charged amount (177) in law to a legal injury, or such a one as the law redresses. Admitting all the facts charged in the first count to be true, I think they do not amount to a legal injury. It is not stated how a damage arose to the plaintiff from the acts charged on the defendant. It is not alleged that the defendant had any property or other means of satisfying the plaintiff's debt. And if the avoidance of an arrest at the suit of the plaintiff be a legal injury, non constat that the plaintiff would have arrested him, for it is not shown that he was prevented from so doing, for it does appear that he had even taken out process against him. The case which goes farthest *Page 99 
upon this subject is to be found in Carthew. In that it is stated that the plaintiff had taken out process against the goods of his debtor, and that the defendant, with a design to injure the plaintiff, had eloigned the goods to distant parts, whereby the plaintiff lost his opportunity of having them taken, and thereby lost his debt. But that case is very distinguishable from the present, for in that an arrest of the goods afforded a means of satisfaction, and the wrongful act of the defendant is charged as the cause of its prevention, the plaintiff having taken out process to that end. The wrongful act of the defendant was intimately connected with the plaintiff's loss, and is stated to be the cause thereof, which deduction may well be called. I think, a legal one. But I think no legal injury can be deduced from the facts stated in this case. They all well may have happened, and yet may have afforded no actual impediment to the plaintiff's claim. Besides, in this case the plaintiff cannot qualify his injury, that is, its nature and extent cannot be stated, for it is quite uncertain whether he has lost the whole or any part of his debt. The defendant may return within a short time, or he may continue long absent, or he may never return, or he may be entirely insolvent, so that a suit against him would produce only trouble and expense. In fact, the plaintiff has given no standard (178) whereby his injury can be measured. I therefore think that at common law the plaintiff cannot recover. But if he had declared upon the statute (I mean that of 1796) I am rather inclined to think that he could have recovered, notwithstanding its partial repeal by the act of 1820. I call it partial, for some of its features are retained by the repealing act, for that declares that he who acts as this defendant is alleged to have acted shall be liable to pay the debts of the debtor. And it has been decided in this Court that a repeal of a penal law releases all penalties, even those given to the party aggrieved, although actions may be pending for them at the time of the repeal, upon the ground that there is no longer a legislative will to inflict the penalty, and that it is not an interference with the rights of individuals acquired under a law whilst it was in force, but the revocation of a mere gratuity which the Legislature have thought proper to confer upon an informer or the party aggrieved, and which it can revoke at pleasure. In this case we have no such legislative declaration, for at no time since the passage of the act of 1796 down to the present time has the Legislature signified its intention that persons guilty of acts such as charged in this case should be exempt from the penalties of that act, for that feature of the act which charges this defendant was retained in the repealing act, and was sanctioned uno flatu
with it; there was not a moment of *Page 100 
time between them; but the Court is prevented from taking this view of the case, the act not being declared on. Scroter v. Harrington, 8 N.C. 192, and authorities there cited. For the reasons given in the foregoing part of this opinion, I think a new trial should be granted.
TAYLOR, C. J., concurred.
PER CURIAM. New trial.
Cited: March v. Wilson, 44 N.C. 152; Booe v. Wilson, 44 N.C. 184;Jones v. Biggs, ib., 367; Moore v. Rogers, 48 N.C. 96.
(179)